IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAWN K. WEILER, | ) | |
| | ) | Case No. 1:17-cv-2226 |
| Plaintiff, | ) | Hon. Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant United States of America, improperly named and sued as the IRS, moves for summary judgment on the ground that there is no genuine issue as to any material fact and that the United States, as a matter of law, is entitled to entry of summary judgment in its favor.

### Introduction

On October 23, 2017, Plaintiff filed this suit alleging that he is entitled to a refund of taxes paid for tax years 2014-2016 because as a non-federal government employee, he is not required to pay taxes. As discussed more fully in the concurrently filed memorandum of law, the United States submits that the undisputed facts will show that (1) plaintiff's argument is based solely on frivolous tax defier arguments that have been universally rejected by courts, and (2) federal income, Social security and Medicare taxes were properly withheld from plaintiff's wages in accordance with federal law.

**Concise Statement of Undisputed Facts**

1. Shawn K. Weiler ("Weiler") is an individual who resides within the jurisdiction of this court. Complaint, p. 3.

2. From January, 2014 to April, 2017, Weiler was employed at Westlake Reed Leskoksy. Exhibit 1, Deposition Transcript of Shawn Weiler ("Transcript"), 9:5-12; 11:22-25; 12:1-8. Sometime in 2016, Westlake Reed Leskosky was acquired by DLR Group. Exhibit 1, Transcript, 11:22-25; 12:1-8.

3. For tax years 2014-2016, Weiler filed tax returns reporting that he had zero taxable income. Complaint, ¶ 4; Exhibit 3, Declaration of IRS Frivolous Return Program Coordinator ("IRS Decl."), ¶¶ 5, 8, 10.

4. In 2014, Weiler earned gross income of $31,581.48. Exhibit 2, 2014 W-2 Wage and Tax Statement; Exhibit 3, IRS Decl. ¶ 6; Transcript, 15:3-7.

5. In 2014, $3,751.27 in federal income taxes were withheld from Weiler's wages. Exhibit 2, 2014 W-2. IRS Decl. ¶ 6. In 2014, $2,017.73 in social security taxes were withheld from Weiler's wages. Exhibit 2, 2014 W-2. In 2014, $471.89 in Medicare taxes were withheld from Weiler's wages. Exhibit 2, 2014 W-2.

6. On or about July 10, 2017, Weiler filed a 2014 Form 1040EZ, Income Tax Return which reported zero income; Exhibit 3, IRS Decl. ¶ 5; Exhibit 5, 2014 Form 1040.

7. Weiler also reported federal income tax withholdings of $6,240.89 on his 2014 return, which he calculated by adding the amount of federal income tax withheld ($3,751), social security tax withheld ($2,017.73), and Medicare tax withheld ($471.89) from his wages in 2014. Exhibit 1, Transcript, 24:2-15; Exhibit 5, 2014 Form 1040.

8. The IRS issued Weiler a refund of $6,240.89 based on the information he reported on his 2014 return. Exhibit 3, IRS Decl. ¶ 7.

9. Weiler asserts that he is entitled to receive a refund of federal income tax withheld ($3,751), social security tax withheld ($2,017.73), and Medicare tax withheld ($471.89) from his wages in 2014 because as a non-federal government employee, he is not subject to federal taxation. Exhibit 1, Transcript, pp. 14:9-25; 15:1-2; 17:4-8; 24:2-25; 25:1-3.

10. In 2015, Weiler earned gross income of $55,487.47. Exhibit 4, 2015 W-2 Wage and Tax Statement; Exhibit 1, Transcript, 10:19-25; 11:1-17.

11. In 2015, $6,951.33 in federal income taxes were withheld from Weiler's wages. Exhibit 4, 2015 W-2 Wage and Tax Statement; Exhibit 3, IRS Decl. ¶ 9. In 2015, $3,547.11 in social security taxes were withheld from Weiler's wages. Exhibit 4, 2015 W-2 Wage and Tax Statement. In 2015, $829.57 in Medicare taxes were withheld from Weiler's wages. Exhibit 4, 2015 W-2 Wage and Tax Statement.

12. On or about March 3, 2017, Weiler filed a 2015 Form 1040 EZ, U.S. Income Tax Return, and reported $0 income. Exhibit 3, IRS Decl. ¶ 8. Exhibit 6, 2015 Form 1040.

13. Weiler also reported federal income tax withholdings of $11,328.01 on his 2015 return, which he calculated by adding the amount of federal income tax ($6,951.33), social security tax ($3,547.11), and Medicare tax ($829.57) withheld from his wages in 2015. Exhibit 1, Transcript, 29:3-13; Exhibit 6, 2015 Form 1040.

14. Weiler asserts that he is entitled to receive a refund of federal income tax withheld ($6,951.33), social security tax withheld ($3,547.11), and Medicare tax ($829.57) withheld from his wages in 2015 because as a non-federal government employee, he is not subject to federal taxation. Exhibit 1, Transcript, pp. 14:9-25; 15:1-2; 18:2-16; 29:3-13.

15. In 2016, Weiler earned gross income of $53,872. Exhibit 7, 2016 Form W-2 Wage and Tax Statement; Exhibit 1, Transcript, 12:9-25; 13:1-10; Exhibit 3, IRS Decl. ¶ 11.

16. In 2016, $6,595 in federal income taxes were withheld from Weiler's wages. Exhibit 7, 2016 Form W-2; Exhibit 3, IRS Decl. ¶ 11.  In 2016, $3,435.93 in social security taxes were withheld from Weiler's wages. Exhibit 7, 2016 Form W-2.  In 2016, $803.56 in Medicare Taxes were withheld from Weiler's wages. Exhibit 7, 2016 Form W-2.

17. On or about April 15, 2017, Weiler filed a 2016 Form 1040EZ, Income Tax Return, and reported $0 income. Exhibit 3, IRS Decl. ¶ 10; Exhibit 8, 2016 Form 1040.

18. Weiler reported federal income tax withholdings of $10,835.03 on his 2016 return, which he calculated his by adding the federal income tax ($6,595), social security tax, ($846.38) and Medicare tax ($803.56) withheld from his wages for 2016. Exhibit 1, Transcript, 34:11-25; Exhibit 8, 2016 Form 1040.

19. The IRS issued Weiler a refund for $6,638.23 based on the information reported on his 2016 return. Exhibit 3, IRS Decl., ¶ 12.

20. Weiler asserts that he is entitled to receive a refund of federal income tax ($6,595), social security tax ($846.38), and Medicare tax ($803.56) withheld from his wages in 2016 because as a non-federal government employee, he is not subject to federal taxation. Exhibit 1, Transcript, 33:6-23; 35:1-16.

21. Weiler alleges that because he is not an employee in the federal government, he is not subject to Social Security, Medicare or federal income tax. Exhibit 1, Transcript, pp. 14:9-25; 15:1-2; 17:4-8; 24:2-25; 25:1-3; 46:10-19.

4

22. Weiler alleges that the Forms W-2 submitted by his employers for 2014-2016 were erroneous because they withheld federal income tax, social security, and Medicare from his wages. *See* Exhibit 1, Transcript, 15:16-25; 16:1-25; 17:1-11; 31:7-12; 32:23-25; 33:1-23.

23. Weiler earned income in the amounts reflected in the Forms W-2 for 2014-2016. Exhibit 1, Transcript, 15:3-7.

24. On or about October 17, 2016, Weiler submitted a declaration to his employer withdrawing "authorization and/or agreement for the withholding of any portion of compensation for services rendered" to the government.  Exhibit 9, Weiler Declaration.

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General
    Tax Division, U.S. Department of Justice

    */s/ Mary A. Stallings*
    MARY A. STALLINGS
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55 - Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 616-2604
    Fax: (202) 514-5238
    Email:  Mary.A.Stallings@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 28, 2018, a copy of the United States' Motion for Summary Judgment and accompanying exhibits was filed electronically using the Court's ECF system. The filing is available for viewing and downloading from the ECF system.

I further certify that on September 28, 2018, the foregoing was served on the following in the manner specified below:

    (1) Served by depositing a copy in the United States mail, postage prepaid, and addressed to the following:

Shawn K. Weiler
18900 Detroit Ext.
Apt. 208
Lakewood, Ohio 44107

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAWN K. WEILER, | ) | |
| | ) | Case No. 1:17-cv-2226 |
| Plaintiff, | ) | Hon. Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the plaintiff United States of America has moved for summary judgment on the ground that there is no genuine issue as to any material fact and that the United States is, as a matter of law, entitled to judgment against Shawn K. Weiler.

**I.     Law and Argument**

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A "material" fact is one "that might affect the outcome of the suit under the governing law," and a "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986). "The Court [may] grant a motion for summary judgment if the nonmoving party who

7

has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *U.S. v. Brandt*, 2014 WL 1266849, at * 1 (Mar. 26, 2014 S.D. Ohio), citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). The plaintiff's status as a pro se litigant does not absolve him of his evidentiary burden. *See Ali v. McCarthy*, 179 F. Supp. 3d 54, 61 (D.D.C. 2016) (internal citations omitted) ("A pro se plaintiff's opposition to a motion for summary judgment, like any other, must consist of more than mere unsupported allegations and must be supported by affidavits or other competent evidence setting forth specific facts showing there is a genuine issue for trial."). "In a tax refund suit, plaintiffs have the burden of proving by a preponderance of the evidence that they are entitled to a refund." *Dargie v. U.S.*, 742 F.3d 243, 245 (6th Cir. 2014) (internal citation omitted).

As demonstrated below, there is no dispute as to material fact and, the United States is entitled to judgment as a matter of law that Weiler is not entitled to a refund for 2014, 2015 or 2016.

**A. There is No Merit to Weiler's Uniformly Rejected Tax Defier Arguments**

The United States is entitled to judgment in its favor as Weiler's refund claim is premised on frivolous arguments commonly relied upon by so-called "tax defiers." Though not readily apparent on the face of Weiler's complaint, the crux of his refund claim is that as a non-federal government employee, he is not subject to federal income, social security, or Medicare tax, and that therefore his employers erroneously withheld taxes from his wages. And in an effort to prevent federal taxes from being withheld from his wages, Weiler submitted a declaration to his employer, advising that he withdraws "authorization and/or agreement for the withholding of any portion of compensation for services rendered" to the government." *See* Concise Statement of Undisputed Facts ("SOF"), ¶ 24.

When asked to state each and every reason he believes he is entitled to a refund for tax years 2014, 2015, and 2016, Weiler explained as follows:

> Q: Can you please tell me each and every reason you believe you are entitled to a refund for 2014, 2015, and 2016. Putting aside the dollar amount, but tell me just the reason, every reason you believe you are entitled to a refund for the years at issue in this lawsuit.
>
> A: Money was taken from my paycheck under the presumption that I owed a tax. And since I discovered that I did not owe tax, I believe the Government owes me that money back.
>
> Q: And you believe that you did not owe a tax because you are not a Federal government employee; is that correct?
>
> A: Yes.

Transcript, 18:2-16; SOF, ¶ 14.

Further, Weiler asserts that because he should not be taxed, his employers improperly withheld from his wages:

> Q: Okay. So for 2015, '15 and '16, the W-2, excuse me, the W-2s were erroneous because they should not have withheld federal income tax, Social Security and Medicare, and because the wages should have been reported zero taxable wages; is that right?
>
> A: Yes. Well, I mean, the W-2s, it should never have been submitted at all, but . . .
>
> Q: Why is that?
>
> A: I mean, because I am not a federal employee, so there would be no reason for the Federal Government to be concerned with it. There should be no reason.

Transcript, 33:6-18; SOF, ¶¶ 14, 20, 22.

However, courts have repeatedly and uniformly rejected such arguments as frivolous. *Perkins v. C.I.R.*, 746 F.2d 1187, 1188 (6th Cir. 1984) (stating that such assertions are "totally without merit"); *Peth v. Breitzmann*, 611 F.Supp. 50, 53 (E.D. Wis. 1985) (finding that plaintiff's arguments that, as a non-federal employee, his wages are not subject to federal taxes and

withholding are "wrong"); *see also Gillespie v. Internal Revenue Service*, 2016 WL 1179097, at * 1 (E.D. Wis. 2016); *United States v. Latham*, 754 F.2d 747 (7th Cir. 1985); *Sullivan v. United States*, 788 F.2d 813 (1st Cir. 1986); *Waters v. C.I.R.*, 764 F.2d 1389 (11th Cir. 1985); *United States v. Hendrickson*, 2007 WL 2385071, at * 3 (E.D. Mich. 2007).

It is well settled law that an individual's salary or wages are income that is taxable under the Sixteenth Amendment and the Internal Revenue Code. *See* U.S. CONST., amend. XVI; 26 U.S.C. § 61(a)(1); *see also Poplawski v. C.I.R*, 2015 WL 13158472, at * 2 (6th Cir. 2015); *Martin v. C.I.R.*, 756 F.2d 38, 40 (6th Cir. 1985); *Coleman v. C.I.R.*, 791 F.2d 68, 70 (7th Cir. 1986); *Funk v. C.I.R.*, 687 F.2d 264, 265 (8th Cir. 1982). And "[every] individual, whether or not employed by the federal government, is subject to the income-tax laws." *Prout v. C.I.R*, 31 Fed. Appx. 624, 626 (10th Cir. 2002); 26 U.S.C. § 1 (taxable income of every individual is subject to tax). Taxable income is defined as "all income from whatever source derived, including compensation for services." 26 U.S.C. § 61(a).

Further, "the tax law imposes, not only on employees, but also 'on every employer,' an 'excise tax,' i.e. a FICA tax." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 240 (2002) (quoting I.R.C. § 3111). "The federal Social Security and Medicare systems are funded by excise taxes, separate and distinct from federal income taxes, imposed on employees, employers, and self-employed individuals." *Public Employees' Retirement Bd. v. Shalala*, 153 F.3d 1160, 1161 (10th Cir. 1998); *see also* 26 U.S.C. §§ 3101, 3111. And FICA imposes the excise tax on the wages paid by an employer to an employee with respect to employment. *Id.* The Internal Revenue Code requires employers to withhold federal income, Social Security, and Medicare from their employees' wages. 26 U.S.C. §§ 3102(a), 3402(a).

Besides his assertion of the typical tax defier arguments (SOF, ¶¶ 9, 14, 20, 22), Weiler does not raise a colorable factual or legal argument in support of his refund claim. Weiler does not dispute that he was employed in 2014-2016, or that he earned income. (SOF, ¶¶ 2, 4, 10, 15). Nor does he dispute that the Forms W-2 issued by his employer accurately reflect the amounts withheld and the amounts he earned (SOF, ¶¶ 22-23). Instead, the uncontested facts show that as an employee of Westlake Reed Leskosky and DLR Group, Weiler earned income during 2014-2016 (SOF, ¶¶ 2, 4, 10, 15). Accordingly, Weiler's wages were subject to federal income tax and to FICA and Medicare taxes. *Martin*, 756 F.2d at 40. And amounts for Medicare, Social Security and federal income taxes were properly withheld from Weiler's wages in accordance with federal law (SOF, ¶¶ 5, 11, 16); *See* 26 U.S.C. §§ 61(a), 26 U.S.C. §§ 3102, 3402.

Although the IRS issued Weiler refunds in 2014 and 2016, the factual record reveals that those refunds were generated after Weiler falsely reported on his tax returns that he had earned zero wages, and also falsely reported as "federal income tax withheld" the amounts withheld for Medicare and Social Security. SOF, ¶¶ 3, 6, 7-8, 12-13, 17-19.

The evidence demonstrates that Weiler will not be able to meet his burden of showing that he is entitled for a refund for 2014-2016. Accordingly, summary judgment should be granted in favor of the United States.

**II.     Conclusion**

Because the plaintiff cannot meet his burden of showing that he is entitled to a refund for 2014-2016, summary judgment should be granted in favor of the United States.

.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55 - Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2604
Fax: (202) 514-5238
Email: Mary.A.Stallings@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, a copy of the United States of America's Motion for Summary Judgment was filed electronically using the Court's ECF system. The filing is available for viewing and downloading from the ECF system.

I further certify that on February 5, 2018, the foregoing was served on the following in the manner specified below:

(2) Served by depositing a copy in the United States mail, postage prepaid, and addressed to the following:

Shawn K. Weiler
18900 Detroit Extension
Apt. 208
Lakewood, Ohio 44107

/s/ *Mary A. Stallings*

MARY A. STALLINGS
Trial Attorney
United States Department of Justice, Tax Division