IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| SHAWN K. WEILER, | ) | CASE NO.1:17 CV 02226 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* action under 26 U.S.C. § 7422 by Shawn K. Weiler against the Internal Revenue Service ("IRS") seeking a refund of alleged overpayment of taxes.[2]  Pending are motions for summary judgment by the IRS[3] and Weiler,[4] together with responses in opposition from each party[5] and a reply filed by the IRS.[6]

For the reasons that follow, I will recommend that the motion by the IRS be granted and that Weiler's suit be dismissed.  I will further recommend that sanctions be assessed

---

[1] ECF No. 10.
[2] ECF No. 1.
[3] ECF No. 17.
[4] ECF No. 19.
[5] ECF No. 20 (IRS); No. 21 (Weiler).
[6] ECF No. 21.

against Weiler under Rule 11(b)(2) of the Federal Rules of Civil Procedure for filing a frivolous claim.

## Facts

The underlying facts are not complex and the material facts are undisputed.[7]

The matter concerns Weiler's personal federal income tax returns for the years 2014, 2015, and 2016.[8]  In each year, Weiler claimed he had no taxable income, although he admits he was employed during all of the relevant years, that the employer withheld federal tax from his paycheck during that time, and that he filed federal income tax returns for those years.[9]  On each of those returns, Weiler claimed no taxable income.[10]  Weiler received a refund for taxes withheld for 2014, as well as what he asserts was a partial refund for taxes withheld in 2016, but received no refund of taxes withheld for 2015.[11]

Weiler contends that:

(1) the Sixteenth Amendment does not authorize a direct, non-apportioned income tax;[12]

(2) the federal income tax is an improper excise tax that cannot be levied in this case;[13] and

(3) Weiler is not subject to income tax because he is not a governmental employee.[14]

---

[7] *See* ECF No. 20 at 1-4 (IRS response to Weiler's statement of facts).
[8] ECF No. 19 at 2 (Weiler).
[9] *Id.* at 2-3 (citing record).
[10] *Id.* (citing record).
[11] *Id.* (citing record).
[12] *Id.* at 4-5.
[13] *Id.* at 6.
[14] *Id.* at 6-7.

2

The IRS, in turn, states that it is "well-settled law that an individual's salary or wages are income that is taxable under the Sixteenth Amendment and the Internal Revenue Code."[15]  It further states that every individual wage earner, whether employed by the federal government or not, is subject to payment of federal income tax.[16]

In addition, the IRS notes that Weiler does not dispute that he was employed, nor that he earned income, nor that the W-2 forms issued by his employer accurately reflect the amounts he earned and the amounts withheld.[17]  It also states that the amounts withheld for federal income tax, Medicare, and Social Security were proper under law.[18]

Further, the IRS asserts that Weiler received the refunds issued for taxes paid in 2014 and 2016 because "Weiler falsely reported on his tax returns that he had earned zero wages, and also falsely reported as 'federal income tax withheld' the amounts withheld for Medicare and Social Security."[19]

Finally, the IRS notes that "courts have not hesitated to impose sanctions against taxpayers who have asserted similar frivolous claims," even acting *sua sponte*, such as Rule 11 sanctions.[20]

---

[15] ECF No. 20 at 7 (citations omitted).
[16] *Id.* (citation omitted).
[17] *Id.* at 8.
[18] *Id.* (citing statutes).
[19] *Id.*
[20] *Id.* at 8-9 (citations omitted).

3

## Analysis

### A.      Standard of review

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law.  A "material fact" is one that might affect the outcome of the suit under governing law, and a genuine dispute exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[21]

Rule 56 mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party has the burden of proof at trial.[22]  A plaintiff's status as a *pro se* litigant does not absolve him of meeting this burden.[23]  Moreover, in a tax refund suit the plaintiff has the burden of showing an entitlement to a refund by a preponderance of the evidence.[24]

### B.      Application of standard

As the IRS observes, Weiler's arguments for a refund are "frivolous" and are those commonly employed by tax defiers or illegal tax protestors.[25]

---

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[22] *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986).
[23] *Ali v. McCarthy*, 179 F. Supp. 3d 54, 61 (D.D.C. 2016) (citations omitted).
[24] *Dargie v. U.S.*, 742 F.3d 243, 245 (6th Cir. 2014) (citations omitted).
[25] ECF No. 20 at 6, n.3.

4

The Supreme Court more than a century ago held that the federal income tax is authorized by the Sixteenth Amendment as a valid, non-apportioned direct tax.[26] Moreover, in that same decision the Court found that the federal income tax is not an unauthorized excise tax.[27]  Finally, as stated by federal appellate courts, it is "preposterous" and "totally without merit" to assert, as Weiler does here, that federal statute provides only for the taxation of income earned by government employees, thus exempting Weiler as an employee of a private company.[28]

Inasmuch as the law clearly supports the IRS, the analysis must turn to whether the law, as applied to the facts here, support the IRS's motion for summary judgment.

To that end, Weiler's own deposition testimony is conclusive.

> Q.  Can you please tell me each and every reason you believe you are entitled to a refund for 2014, 2015, and 2016. Putting aside the dollar amount, but tell me just the reason you believe you are entitled to a refund for the years at issue in this lawsuit?
>
> A.  Money was taken from my paycheck under the presumption that I owed a tax. And since I discovered that I didn't owe tax, I believe the Government owes me that money back.
>
> Q.  And you believe that you did not owe a tax because you are not a Federal government employee; is that correct?
>
> A.  Yes.[29]

---

[26] *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 16-19 (1916).

[27] *Id.*

[28] *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985); *Perkins v. Commr. Intnl Rev.*, 746 F.2d 1187, 1188 (6th Cir. 1984).

[29] *See* ECF No. 17 at 9 (quoting deposition).

Accordingly, because Weiler bases this refund action – by his own admission – on a single, undisputed premise that courts have long rejected as "preposterous," I recommend finding, as is more fully set forth above, that the IRS has established entitlement to summary judgment here, and that Weiler's action should be dismissed.

The IRS also requested the imposition of Rule 11 sanctions against Weiler.[30]

Under Rule 11, a party signing a pleading attests to the court that, to the party's knowledge, information, and belief, formed after reasonable inquiry under the circumstances, the claims and legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law.[31]  By its own terms, Rule 11 applies to *pro se* litigants as well as to attorneys.[32]

Once a pleading is found by the court to have violated Rule 11, the Rule itself states that the court "*shall* impose on the person who signed it, . . . an *appropriate sanction*," which may include paying the reasonable expenses incurred by the opposing party as a result of filing the action.[33]  District courts have broad discretion in tailoring an appropriate and reasonable sanction.[34]  Courts should seek to "impose a sanction limited to that which

---

[30] ECF No. 20 at 8-9.

[31] Fed. R. Civ. P. 11(b)(2).

[32] *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*., 498 U.S. 533, 548 (1991).

[33] Fed. R. Civ. P. 11 (emphasis added).

[34] *See Shearing v. United States*, No. 90–CV–973A, 1993 WL 559026, at *2 (W.D. NY Sept. 7, 1993) (citations omitted).

is sufficient to deter repetition of future conduct, either by the offending party or by others similarly situated."[35]

Here, Weiler certainly violated Rule 11 in filing this action. He has asserted a tax-protestor claim of the sort that federal courts have uniformly rejected in clear language for years. And numerous federal courts have imposed Rule 11 sanctions in similar tax protestor cases.[36]

Therefore, because Weiler asserted a manifestly frivolous claim that did nothing more than burden the courts and the government with addressing claims that he knew, or should have known, to be completely without merit, I recommend the imposition of sanctions consisting of $1,000[37] payable to the Clerk of Court.

## Conclusion

For the reasons stated above, I recommend that the motion by the IRS for summary judgment[38] in its favor be granted and Weiler's action[39] be dismissed with prejudice, and that the motion for summary judgment by Weiler[40] be denied. I further recommend the imposition of Rule 11 sanctions against Weiler to the extent discussed above.

IT IS SO RECOMMENDED.

---

[35] *Kish v. United States*, No. 1:95:MC:109, 1996 WL 196730, at *5 (W.D. Mich. Jan. 30, 1996).

[36] *Id.* (collecting cases).

[37] *Id.* (noting that "it does not appear that [plaintiff's] frivolous litigation warrants sanctions in excess of a thousand dollars.")

[38] ECF No. 17.

[39] ECF No. 1.

[40] ECF No. 19.

Dated: May 14, 2019                    <u>s/ William H. Baughman, Jr.</u>
                                                United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[41] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).